**EDWARD RUBIN,**

       **Plaintiff,**

**v.**                                     **Case No. 8:08-cv-2360-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

       **Defendant.**
_____ /


## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

### I.

Plaintiff was fifty-three (53) years of age at the time of his administrative hearing in March 2008. He stands five feet, eleven inches tall and weighed 168 pounds according to his administrative filings. Plaintiff has a high school education. His past relevant work includes various manual labor and construction jobs. Plaintiff protectively applied for disability benefits and Supplemental Security Income payments in July 2006, alleging disability as of June 27, 1997, by reason of lower back and leg pain, facial numbness, and vision problems,

following a car accident.[1]  The Plaintiff's applications were denied originally and on

reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an

Administrative Law Judge ("ALJ").  The Plaintiff was represented at the hearing by counsel

and testified in his own behalf.  Additionally, a vocational expert was called by the ALJ.  In

essence, Plaintiff testified that he is unable to work due to pain in his back and his legs,

difficulty being in any one position for any period of time, side effects from medication, and

high blood pressure.

Plaintiff testified that his last employment was working part-time as a parking

attendant.  Prior to that, he worked for Coats and Horses British Pub as a cook and

dishwasher.  According to Plaintiff, he has been sleeping and gaining weight since he was last

employed.  He testified that he has gained about forty pounds.

Plaintiff lives with his sister in her house, and she financially supports him.  As for

daily activities, he gets out of the house once or twice a day and might walk around the yard,

but denies involvement in any social activities.  Plaintiff testified that he can stand for ten to

fifteen minutes before needing to sit and can sit for the same period before needing to stand.

He can lift ten pounds at most.  He takes pain medication every eight hours as prescribed, but

---

[1]By way of procedural history, Plaintiff previously filed applications for a period of
disability, disability insurance benefits, and supplemental security income payments on May
13, 1998; September 10, 2002; and August 8, 2005.  Plaintiff's Supplemental Security income
application of August 8, 2005, was denied initially on November 18, 2005; Plaintiff is seeking
reopening and review of that decision on this application. (R. 10).  By letter from Plaintiff's
counsel, the alleged onset date was amended to January 1, 2004, in light of his sporadic
employment and earnings in the years 2000 through 2003.  (R. 106).

it makes him sleepy. Also, if he takes his medication without food, it makes him queasy and

nervous. By his account, he sleeps most of the day. He has difficulty sleeping at night unless

he takes his pain medication.[2] With medication his pain is an eight on a scale from one to ten

with ten being the most painful, and without medication, he testified his pain is at a ten.

Plaintiff also takes medication for his high blood pressure. He obtains medical treatment

through the Veteran's Administration hospital twice per year with his primary doctor and on

an as-needed basis otherwise. He underwent some physical therapy, but testified it made him

hurt worse. He was told that surgery would not help his back problems. Because of his high

blood pressure, he could not get epidural injections of steroids; they gave him nerve blocks

instead. According to Plaintiff, his major problems are his high blood pressure and his back

pain.

In response to an inquiry by his counsel of whether Plaintiff could work in a position

that allowed him to alternate sitting and standing in which he got breaks every two hours, but

had to work an eight-hour shift, Plaintiff testified he would not be able to do such a job on a

full-time basis because of pain in his back and legs, his need to change positions every five or

ten minutes, his inability to do anything for very long, and his need to lie down during the day.

(R. 24-32).

---

[2]Upon questioning by his counsel, Plaintiff testified he drinks beer once or twice a
week which helps him sleep. He stated his main problem is that he does not sleep well any
more. Plaintiff also testified to a history of cocaine use, but denies use in the last fours years.

The ALJ next called Joyce Courtright, a vocational expert ("VE") who testified as to the classification of Plaintiff's past work.[3] Further, upon a hypothetical of an individual of Plaintiff's age, education, and work experience, capable of medium exertional work limited only to frequently climbing, balancing, stooping, crouching, kneeling and crawling, and no concentrated exposure to humidity, heat or cold, the VE opined that such individual could perform work as a parking attendant. In response to a second hypothetical in which lifting, carrying, pushing, and pulling is limited to twenty pounds on occasion, ten pounds frequently, and the individual could sit, stand or walk six to eight hours in an eight-hour day with the ability to alternate sitting and standing at will, no climbing, only occasional balancing, stooping and crouching, no kneeling or crawling, and no work around dangerous machinery or at unprotected heights, the VE opined that such individual could perform the parking attendant position for those parking areas that will allow for a sit/stand option. The VE added there would also be other jobs available in the local and national economy, including small products assembly, cashier II, and wrapping and packing positions. Upon the added limitation that lifting, carrying, pushing and pulling are limited to ten pounds on occasion and five pounds frequently, and the individual could sit for six hours, stand and walk for two, and be able to alternate sitting and standing at will, such individual could perform jobs as a final assembler, production inspection, and food and beverage order clerk. In reference to Plaintiff's testimony that he is unable to sustain a full eight-hour per day, forty-hour per week

---

[3]The VE testified that the cooking job for the British pub would fall under the classification of "short-order cook" which is light exertional with a SVP of 3, and if there were dishwashing involved, it would be medium exertional with an SVP of 2. The parking attendant would be light with an SVP of 2.

job, even at a sedentary level, the VE testified that such limitations would effectively preclude all competitive employment.

On questioning by Plaintiff's counsel, who added a limitation to the first hypothetical that the individual be permitted to pace at will about his work space, the VE opined that such individual would not be able to perform the prior jobs discussed, but could perform sedentary positions such as some telemarketing or surveillance system monitor positions. At the light exertional level, the ALJ suggested the telephone component of survey work could also be available. (R. 32-38).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By her decision of April 25, 2008, the ALJ determined that while Plaintiff has severe impairments related to lumbar disc disease, history of excision of a cyst on the right forearm, and hypertension, he nonetheless had the residual functional capacity to perform a range of light exertional work.[4] Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 10-19). The Appeals Council considered a letter from counsel and denied Plaintiff's request for review.

_____

[4]Light work is defined as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category may require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1567(b).

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*,

445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises two claims on this appeal. First, he asserts that "[t]he Administrative Law Judge erred by failing to give great weight to the opinion of the Plaintiff's treating physician." Second, he urges that "[t]he Administrative Law Judge erred by failing to recontact the treating physician for clarification of her opinion." (Doc. 23).

As the two claims are related, they are addressed together. In essence, Plaintiff argues that the opinion of treating physician, Dr. Donna A. Goldman, M.D., should have been afforded greater weight, and if there was any confusion as to the basis for her opinion, then the ALJ was obligated to recontact her. Although acknowledging that the ALJ articulated reasons

from the medical record for rejecting the opinion of Dr. Goldman, Plaintiff nevertheless urges that Dr. Goldman's opinion should have been afforded greater weight than that of the state agency doctors where Plaintiff's condition worsened in the time between the residual functional capacity assessments by the State agency doctors rendered in 2006 and Dr. Goldman's opinion in October 2007 that Plaintiff is unable to work due to chronic back pain. Further, Plaintiff urges that just as an ALJ is required to give great weight to the disability findings of the Department of Veterans Affairs ("VA"), the ALJ should likewise be required to give great weight to the findings and opinions of VA physicians, such as Dr. Goldman. At a minimum, Plaintiff urges the ALJ should have re-contacted Dr. Goldman to provide an opinion as to the Plaintiff's residual functional capacity ("RFC") as of October 2007. Without citing legal authority, Plaintiff urges that just as the ALJ should give heightened weight to the opinions of VA doctors, the court should recognize a heightened duty to re-contact a treating doctor employed by the VA. (Doc. 23 at 6-10).

The Commissioner responds that Dr. Goldman's one-line opinion that Plaintiff cannot work is unsupported by her own treatment notes, as well as the objective medical evidence of record. Further, the Commissioner submits that there is no support for Dr. Goldman's opinions being afforded greater weight based on her status as an employee physician with the VA. As to the argument that the ALJ should have recontacted Dr. Goldman, the Commissioner urges that Dr. Goldman's opinion was not rejected due to an ambiguity or lack of evidence, but rather because the available medical evidence did not support her opinion, and thus re-contacting her was unnecessary in these circumstances.

Lastly, the Commissioner urges that even if the court disagrees with the ALJ's resolution of the factual issues, the decision must nevertheless be affirmed where, as here, the ALJ's decision is supported by substantial evidence in the record. (Doc. 24 at 4-11).

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments. *Lewis*, 125 F.3d at 1440. Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. *MacGregor*, 786 F.2d at 1053. Good cause for rejecting a treating source's opinion may be found where the treating sources's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

At issue is the opinion evidence from Dr. Donna A. Goldman M.D., a treating doctor at the Tampa, Florida VA Medical Center. In a note dated October 1, 2007, she states, "[p]atient is unable to work and disabled from his chronic LBP." (R. 315). The following day, she noted, "[p]atient has h/o chronic LBP and is unable to work and is disabled from his

lower back pain for at least 6 more months." (R. 309). In addressing the opinion evidence,

the ALJ expressly cited the note from October 1, 2007 but discounted the same stating,

> The undersigned gives minimal weight to this conclusory one-
> line statement. Dr. Goldman is a treating source, but Dr. Goldman
> did not specify a time frame, did not specify work-related limita-
> tions, and did not provide an explanation or rationale. Dr. Goldman
> did not provide a diagnosis or supporting objective findings.
> Additionally, the undersigned notes that an opinion that an individual
> is "disabled" is an issue reserved to the Commissioner because
> it is an administrative finding that is dispositive of a case. (20 C.F.R.
> 416.927; 20 C.F.R. 404.1527(e)).

(R. 17). These conclusions are appropriately read in the context of the ALJ's review of the

whole of the medical record. Under the applicable standard, an ALJ may discount the

opinions of even a treating doctor upon a showing of good cause. Upon my own

consideration of the medical record and upon a fair reading of the decision, I conclude that the

ALJ has done so in this instance. The statements are conclusory and unsupported by Dr.

Goldman's own treatment notes, when considered as a whole, as well as the objective medical

evidence, and the reports of an examining neurologist at the VA and physical therapist.[5]

Further, as the ALJ noted, there were no work-related limitations imposed by the doctor.

Finally, the regulations do dictate that the issue of "disability" is one reserved for the

---

[5]As the Commissioner points out, the objective medical evidence including the MRIs
of Plaintiff's back from April 2004 and April 2006 show mild to moderate stenosis and
degenerative conditions in the lumbar spine. No significant change in the condition is noted.
*See* (R. 211, 232-33). Additionally, the neurologic examination in June 2006 reflected
Plaintiff had 5/5 motor strength in both lower extremities; stable gait, without assistance;
could tip toe and heel walk within normal limits; and straight leg raise test was negative
bilaterally. (R. 207). Surgery was not recommended. *Id.* The physical therapist's noted from
November 2007, similarly reflected that Plaintiff had 5/5 or 4/5 muscle strength and flexion,
normal gait, and was able to heel and toe walk. (R. 291-92). He was discharged from service
for his failure to attend follow-up treatment. (R. 295).

Commissioner and thus Dr. Goldman's opinion of disability was simply not binding on the ALJ. *See* 20 C.F.R. §§ 404.1527(e); 416.927(e).

Next, there is simply no merit to the suggestion by Plaintiff that the ALJ should have given greater weight to the more recent opinion from Dr. Goldman over earlier RFC assessments or evidence. Certainly in a case such as this where Plaintiff initially claimed a disability onset date in 1997, later amended to January 2004, consideration of the whole of the medical record was necessary and appropriate. Plaintiff cites no authority to support this contention and neither case law in this Circuit nor the regulations direct that more recent medical evidence be given greater weight. *See e.g.* 20 C.F.R. §§ 404.1527(d); 416.927(d). This argument merits no relief.

As for Plaintiff's contention that Dr. Goldman's opinion should have been afforded greater weight because she is a VA doctor, I find no legal support for this proposition and Plaintiff does not provide any on this appeal. As a treating doctor, the regulations already dictate that her testimony is entitled to substantial weight absent good cause to the contrary, but there is no requirement that such testimony be given even greater weight merely because the doctor is employed by a federal agency. Plaintiff is correct that the findings of disability by the VA, although not binding on the Commissioner, are entitled to great weight. *See Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A, March 25, 1981); *Bloodsworth v. Heckler,* 703 F.2d 1233, 1241 (11th Cir.1983) ("findings of disability by another agency, although not binding on the Secretary, are entitled to great weight"); *see also*, 20 C.F.R. §§ 404.1504, 416.904. However, such findings by the VA are not here demonstrated beyond

these conclusory notations by Dr. Goldman.  Moreover, Plaintiff simply fails to demonstrate a

basis in law or fact for his proposed "natural extension" of the rule affording the VA's

disability opinions deference.  In sum, the ALJ reviewed Dr. Goldman's records and opinions

under the applicable standard.  Plaintiff fails to demonstrate that the reasons stated by the ALJ

for discounting her opinion evidence are not supported by substantial evidence.

The Plaintiff employs a similar rationale for his claim that the ALJ should have re-

contacted Dr. Goldman for clarification of her opinion and indeed, had a heightened duty to

do so in these circumstances.  On this claim, I again find no error requiring a remand.[6]

Clearly, the ALJ has a basic duty to develop a full and fair record.  *Ellison v. Barnhart*, 355

F.3d 1272, 1276 (11th Cir. 2003).  This obligation exists whether or not the claimant is

represented by counsel.  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v.

Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  In light of this obligation, an ALJ must order

a consultative examination when "such an evaluation is necessary for him to make an

informed decision."  *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting

*Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)); *see also Wilson v. Apfel*, 179 F.3d

1276, 1278 (11th Cir. 1999).  When the evidence received from a treating doctor is inadequate

to permit a decision on disability, the regulations dictate that the ALJ re-contact the treating

doctor to determine whether the additional information necessary for decision is available.  20

_____

[6]It is worth noting that counsel did not request at the hearing that the ALJ recontact Dr.
Goldman, nor did he make any such request to the Appeals Council.  *See* (R. 38-40, 165).  In
fact, counsel represented at the conclusion of the administrative hearing that the medical
records were updated and there was nothing that would shed new light on this case regarding
Plaintiff's condition.  (R. 38-39).

C.F.R. §§ 404.1512(e), 416.912(e).  More particularly, the regulations state that the treating

doctor will be re-contacted when "the report from your [doctor] contains a conflict or

ambiguity that must be resolved, the report does not contain all the necessary information, or

does not appear to be based on medically acceptable clinical and laboratory diagnostic

techniques."[7]  *Id.*  Case law in this circuit requires the Plaintiff to show some prejudice before

a remand to the Commissioner for further record development, such as recontacting a treating

doctor, is ordered.  *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).  In

considering whether a remand is required, the court should be guided by whether there are

evidentiary gaps in the record that result in unfairness or clear prejudice.  *Id.*

     Although Plaintiff cites the applicable regulatory standard, he makes no showing

how such was violated.  Instead, he reiterates the arguments that because Dr. Goldman's

records are more recent in time and she is a VA employee, her opinions are entitled to

heightened weight.  From this, he urges that the court find the ALJ had a heightened duty to

re-contact her and because she failed to do so, direct a remand for further proceedings.

     Under the applicable standard, I cannot conclude that the ALJ erred in failing to re-

contact Dr. Goldman.  Here, Plaintiff fails to demonstrate that additional information or

clarification was required and particularly, that there is any prejudice in the failure to re-

contact her.  From all that is apparent to the court, the medical record before the ALJ was

---

[7]Plaintiff cites to SSR 96-5p, which similarly requires the ALJ to make "every
reasonable effort" to re-contact a treating doctor for clarification of an opinion if the evidence
does not support the doctor's opinion on any issue reserved to the Commissioner (i.e., residual
functional capacity) and the ALJ cannot ascertain the basis of the opinion from the case
record.  SSR 96-5p, 1996 WL 374183, at *6 (S.S.A.).

complete including that from Dr. Goldman. As the Commissioner urges, these records, as well as medical records from other sources, are adequate, *i.e.*, the information therein was sufficient and informative to permit the disability decision, and Plaintiff has not shown otherwise. Even if it is correct, as he alleges, that his condition worsened from 2006 to October 2007, he fails to demonstrate how the medical record was incomplete or inadequate to permit a resolution of the disability claims. In these circumstances, I am unpersuaded that the ALJ needed additional assistance from this or any other doctor to "ascertain the basis of the opinion." Rather, the ALJ here simply disagreed with Dr. Goldman's opinion based on her treatment and examination notes, as well as those of other doctors or providers and the objective medical evidence. Thus, the ALJ was not duty bound to re-contact Dr. Goldman, and no error was committed requiring a remand on this ground. *See Couch v. Astrue*, No. 07-13036, 2008 WL 540178, at *2 (11th Cir. 2008) (unpublished)[8] (holding ALJ did not have duty to re-contact treating physician because substantial evidence supported his determination that plaintiff was not disabled, he had all of the treating doctor's records, and the information therein was adequate to enable the ALJ to determine plaintiff was not disabled).[9]

In conclusion, the medical evidence as a whole supports the ALJ's reasons for discounting Dr. Goldman's conclusion of disability and is adequate to permit the resolution of these claims without the necessity of re-contacting the doctor.

---

[8]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

[9]As for Plaintiff's invitation that the court use this case to fashion a different standard for re-contacting treating doctors who work for the VA, I respectfully decline to do so.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 19th day of March 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record